■ In the Matter of the Claim of Louis F. Frank, Respondent, against Albert B. Rypinski, Doing Business as Ryp Co., et al., Appellants. Workmen's Compensation Board, Respondent.— Appeals from an award of compensation for partial disability. The board found disability resulting from accidental injuries sustained by claimant on June 25, 1944, when claimant was employed by the Metropolitan Engineering Corporation; and for injuries suffered on August 4, 1949, when claimant was employed by the Ryp Co. The award was charged equally against both employers. A claim was advanced in connection with an alleged third accident, said to have occurred on March 20, 1951, when claimant was employed by the Metal Craft, Inc., but the board found that claimant did not sustain an industrial accident on that occasion. Although the evidence is conflicting on the issues of causal relation it was sufficient to present fair questions of fact wholly within the exclusive fact finding power of the board to determine. An issue however has been raised as to whether the board properly discharged the Special Fund for Reopened Cases from liability in connection with the 1944 accident. The solution of this problem depends upon the effect to be given a letter from claimant's attorney, mailed to the board and received by the latter exactly seven years from the date of the 1944 accident. It requested that a hearing be held on the 1944 claim, among others. The board has construed this request as an application to reopen such claim. While the board did not act upon this request until some years later, and in the meantime hearings on other claims were suspended so that claimant might make a formal application to reopen, this inadvertence in no way lessened the power of the board to act upon the letter when it discovered its own inadvertence. On its face the letter supports the construction the board has placed upon it, as a factual and discretionary matter. Since it was received within seven years of the date of the accident the Special Fund was properly discharged from liability. Award unanimously affirmed, with costs against the Ryp Co., and its carrier, the Metropolitan Engineering Company and its carrier, to be divided equally in favor of the Special Fund for Reopened Cases and the Metal Craft, Inc., and its carrier. Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ., concur.